UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GUTIERREZ-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>DAVID BREWER,<br><br>Respondent. | No. 2:22-cv-0643 AC P<br><br><br><br>ORDER |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis. Petitioner has also filed a motion to compel the government to respond to the petition. ECF No. 5.

Though styled as a § 2241 petition, petitioner's claims should have been brought in an action for damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), or for injunctive relief under 28 U.S.C. § 1331. The petition alleges that petitioner has been approved for knee surgery since February 2020, but that the Bureau of Prisons (BOP) has been delaying his surgery in order to avoid having to pay for his treatment because he is projected to be released on August 26, 2022. ECF No. 1 at 6-7. Petitioner requests that the BOP be ordered to either provide him with surgery before his release or cover his medical expenses for the surgery after his release. Id. at 8.

Where a prisoner is challenging the fact or duration of his confinement, the proper vehicle is a petition under § 2241. Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) (citations omitted). Claims for damages based on civil rights violations must be brought in a Bivens action, id. (citations omitted), while injunctive relief may be sought under 28 U.S.C. § 1331, see Roman v. Wolf, 977 F.3d 935, 941 (9th Cir. 2020) (§ 1331 provides jurisdiction over claims for injunctive relief based on constitutional violations). In this instance, petitioner does not challenge the legality or duration of his confinement, but instead challenges the conditions of his confinement.

Petitioner will be given an opportunity to amend the petition to convert this action into an action for damages under Bivens or for injunctive relief under § 1331. If petitioner chooses not to amend the petition and convert this action, he should file a notice of voluntary dismissal. See Fed. R. Civ. P. 41(a)(1). If petitioner chooses to convert the petition into a claim for damages under Bivens or for injunctive relief under § 1331, he is advised that he will be required to either (1) pay the $402.00 filing and administrative fees or (2) supplement his application to proceed in forma pauperis with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of this action. See 28 U.S.C. § 1915(a) (requiring six-month statement for prisoners seeking to proceed pro se in civil action). If leave to file in forma pauperis is granted, petitioner will still be required to pay the $350.00 filing fee,[1] but will be allowed to pay it in installments. 28 U.S.C. §§ 1914(a), 1915(b). In the event petitioner fails to file either a notice of dismissal or an amended complaint converting this action, it will be recommended that the petition be dismissed for lack of habeas jurisdiction.

In the event petitioner chooses to file an amended complaint, he must specify whether he is seeking damages under Bivens or injunctive relief under § 1331. If petitioner is seeking both damages and injunctive relief, he must specify which claims arise under Bivens and which arise under § 1331 and identify which defendant(s) each claim is brought against. He is further advised that under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for

---

[1] Litigants proceeding in forma pauperis are not required to pay the $52.00 administrative fee.

2

damages based on a violation of plaintiff's constitutional rights. Bivens, 403 U.S. at 397. Thus, to state a Bivens claim, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. Id. "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (citations omitted). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

Petitioner is cautioned that the ability to state a claim under Bivens is extremely limited. "[T]he [United States Supreme] Court has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity" and that "three cases—Bivens, Davis [v. Passman, 442 U.S. 228 (1979)], and Carlson [v. Green, 446 U.S. 14 (1980)]—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[2] Ziglar v. Abbasi, 137 S. Ct. 1843, 1855, 1857 (2017) (citing Iqbal, 556 U.S. at 675). To the extent petitioner is attempting to claim inadequate medical care in violation of the Eighth Amendment, it appears that he can potentially state a claim for relief under Bivens.[3] See Carlson, 446 U.S. at 17-19.

To state a claim under § 1331, plaintiff must allege facts sufficient to state a colorable *ongoing* Eighth Amendment claim, name as a defendant the person who would be responsible for carrying out any order for injunctive relief, and request particular injunctive relief that is specifically and narrowly targeted to resolving the ongoing Eighth Amendment violation. Pinson v. Othon, No. 20-cv-0169 TUC RM, 2020 WL 6273410, *5, 2020 U.S. Dist. LEXIS 198310, *13

---

[2] Bivens recognized a right to recover damages for a violation of the Fourth Amendment's prohibition against unreasonable search and seizures, while Davis recognized a damages remedy for gender discrimination and Carlson found damages available under the Eighth Amendment for failing to provide adequate medical treatment. Ziglar, 137 S. Ct. at 1854-55.

[3] Though a Bivens action is available in the medical care context, the court takes no position on whether the facts presented in this case state a claim for relief on Eighth Amendment grounds or whether petitioner can prevail in the event that he is able to state a claim.

(D. Ariz. Oct. 26, 2020) (citing Bacon v. Core Civic, No. 2:20-cv-0914 JAD VCF, 2020 WL 3100827, at *6, 2020 U.S. Dist. LEXIS 102433, at *16 (D. Nev. June 10, 2020)).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Finally, petitioner is advised that because he is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to compel a response to the petition (ECF No. 5) is DENIED.

2. Petitioner shall have thirty days from service of this order to either (1) voluntarily dismiss this action or (2) convert the petition into a complaint for damages under Bivens and/or injunctive relief under 28 U.S.C. § 1331.

3. If petitioner chooses to convert this action, he may do so by filing an amended complaint on the form provided. The amended complaint must be accompanied by a certified copy of petitioner's prison trust account statement for the six-month period immediately preceding the filing of this action.

////

4. The Clerk of the Court is directed to send petitioner a copy of the prisoner complaint form used in this district.

5. If petitioner does not file either a notice of dismissal or an amended complaint converting this action, it will be recommended that the petition be dismissed for lack of habeas jurisdiction.

DATED: July 12, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE